IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUBRAMANYAM VEDAM,<br>*Petitioner*,<br>v.<br>LEONARD ODDO, *et al*,<br>*Respondents*. | Civil Action No. 3:26-cv-1701<br>Hon. William S. Stickman IV |

**ORDER OF COURT**

This is Petitioner's third petition for writ of habeas corpus. (ECF No. 1). He wants another bond hearing before an immigration judge. Petitioner is currently in immigration detention at Moshannon Valley Processing Center ("MVPC") pending ongoing removal proceedings. For the following reasons, the Court will deny his third petition.

Petitioner filed his first habeas petition on October 29, 2025, at Case No. 3:25-cv-00383, requesting that he not be removed from the United States until the Board of Immigration Appeals ("BIA") ruled on a pending motion to reopen his case and afford him relief. On November 3, 2026, Petitioner voluntarily dismissed his petition based on the BIA's issuance of a stay of his removal. (Case No. 3:25-cv-00383, ECF Nos. 1, 8, and 9).

Petitioner filed his second habeas petition on April 9, 2026, at Case No. 3:26-cv-00651, arguing that he was being unlawfully detained under 8 U.S.C. § 1226(c). The Court denied his second petition on May 26, 2026, finding that he was subject to mandatory detention under § 1226(c) and his detention did not violate due process. (Case No. 3:26-cv-00651, ECF No. 18, p. 3). In so doing, the Court noted that Petitioner had been detained for almost eight months, that his immigration proceedings were moving forward at a normal rate, and that he failed to provide

good reason to believe his proceedings would be unduly prolonged. (*Id*. at 3, n.2). The Court also held that it had no jurisdiction to review the immigration judge's decision denying bond. (*Id*. at 3). Petitioner filed a notice of appeal, and his appeal remains pending before the United States Court of Appeals for the Third Circuit. (Case No. 3:26-cv-00651, ECF No. 20).

Petitioner filed this habeas petition, his third, on August 27, 2026, requesting a bond hearing at which the government bears the burden to justify his detention. (ECF No. 1). As the Court already explained at Case No. 3:26-cv-00651, Petitioner is subject to mandatory detention under § 1226(c) based on his commission of an aggravated felony – i.e., drug trafficking crimes. (Case No. 3:26-cv-00651, ECF No. 18). It is of note that Petitioner has failed to exhaust his administrative remedies by allowing the BIA to decide his appeals of the immigration court orders denying bond. On February 18, 2026, Petitioner had a bond hearing before an immigration judge who found, notwithstanding Petitioner's mandatory detention under § 1226(c), that he was danger to the community and should not be released. Petitioner appealed to the BIA the bond denial issued on February 18, 2026, and a decision of an immigration judge issued on April 8, 2026. (ECF No. 8-1 at Exhibits.12 and 13). His appeals are briefed and awaiting decision. The BIA, not the Court, is the proper tribunal to consider the substantive grounds of Petitioner's challenge to the bond decisions, including those arguments related to the allocation of the burden of proof. The Court reiterates that it lacks the jurisdiction to review an immigration judge's discretionary decision denying bond. *See* 8 U.S.C. § 1226(e) ("[n]o court may set aside any action or decision ... regarding ... the denial of bond ….").

To the extent that Petitioner is once again claiming that his detention has become unreasonable and that he should be afforded another bond hearing, the Court disagrees.[1] Petitioner's circumstances have not materially changed since the Court denied him relief on his second habeas petition at Case No. 3:26-cv-00651.

Petitioner has been detained for over 12 months as he was taken into immigration custody on October 3, 2025. The Court finds that there are no bad-faith delays attributable to Respondents. Furthermore, Petitioner has not shown that his removal proceedings will be unreasonably prolonged. Lastly, as for his conditions of confinement, while Petitioner believes that the conditions at MVPC are indistinguishable prison (ECF No. 1, p. 11), the Court disagrees. Petitioner relies on his own statements about the "lack of freedom of movement, the presence of barbed wire and heavy reinforced doors, dormitory bunk-style accommodations, sleep disturbance, lack of private sanitary facilities, noise and lighting problems, limited exercise options, lack of vocational options, limited vegetarian food, significant delays in medical care, the use of shackles and handcuffs, the lack of contact visits with family, and limited access to reading material." (*Id*. at 11-12). But he has not demonstrated to the Court's satisfaction that his current conditions of confinement are unduly punitive or otherwise quasi-criminal in nature. MVPC only houses immigration detainees. Petitioner's alleged conditions are far from the conditions that the petitioner experienced in *German Santos*, where that petitioner was housed with criminal detainees and "confined to his cell for twenty-three hours per day." *German Santos*, 965 F.3d at 212-13.

---

[1] In this circuit, there is a non-exhaustive list of four factors to consider in assessing whether detention has grown unreasonable: 1) duration of detention; 2) whether the detention is likely to continue; 3) the reasons for the delay; and 4) whether the conditions of confinement are meaningfully different from criminal confinement. *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203. 211 (3d Cir. 2020).

In sum, the Court concludes that Petitioner's continued detention has not become constitutionally unreasonable or risen to a due process violation. Petitioner is not entitled to a second bond hearing just because his detention has reached a particular length. The Court holds that Petitioner's mandatory detention remains warranted.

AND NOW, this 15th day of October 2026, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED.

BY THE COURT:

*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE